SUNDMACHER et al., Respondents, v. LLOYD, Appellant.

St. Louis Court of Appeals, October 17, 1905.

1. **CONTRACT: Bid and Acceptance: Parol Evidence.** Where plaintiff made a bid for certain construction work at a specified sum and the defendant accepted the bid varying the terms and providing that the work should be done according to plans and specifications, and plaintiff went to work without replying, the bid, the acceptance and the specifications constituted the complete contract between the parties, and plaintiff, in an action on such contract, could not vary its terms by verbal testimony tending to show that certain things mentioned in the specifications were not required to be done.

2. ————: **Pleading: Departure.** Where plaintiff declared on such a contract and offered evidence in support of his allegation, an instruction authorizing a recovery on a parol modification of the contract was erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins,* Judge.

REVERSED AND REMANDED.

*Henry A. Hamilton* for appellant.

Parties cannot plead an express contract and claim a breach thereof, and then recover upon proof of a different cause of action. If the action is upon a special contract, the plaintiff must recover upon proof of the contract as laid or he cannot recover at all. Eyerman v. Cemetery Assn., 61 Mo. 489; Clements v. Yeats, 69 Mo. 623; Green v. Cole, 127 Mo. 587; Huston v. Tyler, 140 Mo. 252; McCormick v. Transit Co., 154 Mo. 191; Cole v. Armour, 154 Mo. 333; Raming v. Railroad, 157 Mo. 477; Construction Co. v. Iron Works, 169 Mo. 137; Murphy v. Bedford, 18 Mo. App. 279; Hough v. Surety Co., 90 Mo. App. 475.

*Stephen C. Rogers* for respondents.

BLAND, P. J.—In the year 1902, defendant con-
tracted with the St. Louis School Board to erect and
complete what is known as the William McKinley High
School Building. Plaintiffs, after examining the plans
and specifications, made the following written bid and
delivered it to Lloyd:

"St. Louis, June 7, 1902.

"Mr. Hiram Lloyd.

"Dear Sir: We propose to do the excavating for
McKinley High School, corner Missouri and Russell
avenues, for the sum of $6,000.

"Hoping this will meet of your approval we are

"Yours Respectfully,

"H. SUNDMACHER & BRO.,

"Contracting Company."

On June 21, 1902, Lloyd accepted the plaintiff's bid
by the following letter:

"St. Louis, Mo., June 21, 1902.

"H. Sundmacher & Bro., 1823 South Fourteenth St.,
City.

"Gentlemen: Your proposition for excavation and
grading on the William McKinley High School and
Froebel School according to the plans and specifications
submitted for the same, is hereby accepted, in amounts
as follows:

William McKinley High School.... $6,000.00
Froebel School ....................    3,500.00

"It is understood and agreed that the filling in be-
hind the walls is included in the above bid, and that in
case there is any additional excavation required on the
Froebel School, thirty cents per yard is to be allowed
and the same for any excavation omitted.

"It is agreed on the William McKinley School that
the excavation below the grade line for the granitoid
walks is not included in the proposition.

"A contract in accordance with the above will be written in a few days at which time you will be notified when to call and sign the same.

"Yours truly,

"Dict. H. F. G.                    HIRAM LLOYD."

A written contract was prepared thereafter, signed by Lloyd and delivered to plaintiffs, but they refused to sign it. They nevertheless undertook to do the grading and excavating and thereby to earn the full amount of the contract price. Under a separate and subsequent verbal contract, plaintiffs did the excavating for granitoid walks on the school block for the agreed compensation of $236.50.

The petition is in two counts. The first alleges a balance due of $300 on the first contract; the second count alleges that the contract price of $236.50 for excavating for granitoid sidewalks is due and unpaid.

The answer is, first, a general denial, followed by a counterclaim, wherein it is in substance alleged that the plaintiffs agreed to do the excavating for the building according to the plans and specifications for $6,000 and the excavating for the granitoid walks for $236.50; that plaintiffs failed and refused to complete the excavation for the cellar and that defendant was compelled to pay out and expend the sum of $372.50 for the completion thereof, and that plaintiffs failed and refused to grade the yard of the building and that defendant was compelled to and did pay out the sum of $200 for the grading of said yard.

The reply alleges that plaintiffs did all of the work referred to in the petition and counterclaim as agreed or directed by the defendant's superintendent or foreman or person acting for the defendant and that defendant accepted said excavating and grading as satisfactory and complete. The petition alleges that plaintiffs were to excavate for a cellar and pier holes for the building and to grade the lot, "all to be done according to plans and specifications furnished plaintiffs by de-

fendant, or as directed by defendant or superintendent or foreman or person acting for him and that plaintiffs have completed all such excavating as agreed and same has been accepted by defendant as satisfactory." The verdict was for plaintiffs on both counts.

Over the objection of defendant, plaintiffs were permitted to offer evidence that they first submitted a bid in writing for the excavating and grading called for by the plans and specifications for $7,773.85, and that defendant then pointed out certain things to be left out of the grading and asked for another bid with these things omitted, and that on the understanding that these things were to be omitted, the bid of $6,000 was made. The acceptance of plaintiff's bid departed from the bid and was tantamount to a proposition by defendant to accept the bid provided the plaintiffs would do the excavating and grading according to plans and specifications (not in the bid). Plaintiffs made no reply to this proposition, but went to work under it and hence must be deemed to have agreed to do the work specified or named in the acceptance for the amount of their bid, $6,000. [Arnold v. Cason, 95 Mo. App. 426, 69 S. W. 34; 1 Beach on Contracts, sec. 34.] Plaintiffs offered no evidence whatever that any modification or change in the contract as thus made by the bid and acceptance were ever discussed or agreed to.

Henry Wittler, an employee of and witness for plaintiff, testified that several of the specifications were left out by the direction of Lloyd for the purpose of getting a second bid. His testimony on this point is as follows:

"Q. Were any of those specifications eliminated or left out upon which you based your bids? A. Yes, sir. 'The top soil to be removed and used for filling on the portions of the lot which are to be filled.' That was changed.

"Q. Anything further? A. 'Make all excavations necessary to receive the paving.' That was omitted.

'Before any concrete is placed in the trenches for footings, and when directed, all footing trenches shall be gone over with an iron tamp and the bottom of trenches shall be driven down at least one inch.' That was omitted. And the last item: 'On completion all surplus earth shall be removed from the premises.' That was omitted.

"Q. Anything else? A. That is all I can recall, yes, sir."

He testified that with the exception of what was eliminated from the specifications, the grading was done according to specifications.

Plaintiff's evidence tended to show that the defendant's agent made a survey, put up stakes indicating the depth of the excavation to be made and that the work was done as directed by defendant's superintendent and to his satisfaction. The instructions given for plaintiffs authorized a recovery if the jury should find the excavating and grading was completed under the direction of the defendant's superintendent or foreman and was accepted by the defendant. Plaintiffs made a bid for the work in writing. The defendant accepted the bid in writing. His acceptance specified that the work should be done according to plans and specifications excepting only the grading for the granitoid walks. These documents, together with the specifications, which by being mentioned in Lloyd's acceptance of the bid, were brought into the contract, constituted the whole of the contract and contained all of its terms in respect to grading and excavating and it was not permissible for the plaintiffs to vary the terms of this contract by verbal testimony tending to show that certain things required to be done, as shown by the specifications, were not included in the contract. Plaintiffs proved the written contract and it was not permissible for them to recover on a contract not alleged and expressly disproved by their own evidence. The contract, as evidenced by the

114 app—21

bids and acceptance is unambiguous, leaves nothing in regard to the excavation and grading to be inferred, and it is as definite and certain in respect to these things as are the specifications. Plaintiffs' petition, when construed in the light of their reply, seems to make a double averment in regard to the performance of the work. One, that it was to be done according to plans and specifications and the other, that the work was to be done as directed by defendant's superintendent, foreman or boss, and alleges that plaintiffs completed the work as agreed, to the satisfaction of defendant. Plaintiffs proved by the written contract, that the work was to be done according to plans and specifications. They also offered oral testimony tending to show that they agreed to do the work as directed by defendant or his superintendent and under the supervision of defendant's superintendent and that the work was so done and was accepted by defendant and were permitted to recover on the latter evidence, the instructions entirely ignoring the written contract. Plaintiffs positions were inconsistent and diametrically opposed to each other and they were permitted to recover upon the theory of the case that is clearly and indisputably disproved by the best evidence offered by them. This was palpable error, on account of which the judgment must be reversed.

The judgment is reversed and the cause remanded. *Goode* and *Nortoni, JJ.,* concur.